1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  TROY ANDERSON,                          No.  2:16-cv-1021 AC P

12                 Petitioner,

13       v.                                 ORDER

14  SOLANO COUNTY SUPERIOR COURT,

15                 Respondent.

16

17       Petitioner is a state prisoner proceeding pro se with an application for writ of habeas

18  corpus pursuant to 28 U.S.C. § 2254.  Currently before the court are a number of motions and

19  requests for assistance filed by petitioner.  ECF Nos. 11-16.

20       I.      Procedural History

21       By order filed May 23, 2016, the petition was dismissed with leave to amend because

22  petitioner failed to specify any grounds for relief.  ECF No. 3.  After two extensions of time, the

23  amended petition is currently due on October 27, 2016.  ECF No. 8.  Petitioner was cautioned that

24  no further extensions of time would be granted absent a showing of extraordinary cause.  Id.

25       II.     Requests for Counsel

26       Petitioner has filed two motions specifically requesting the appointment of counsel and

27  several other requests that reference the request for counsel.  ECF Nos. 11-15.  There currently

28  exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner,

1

1  105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of

2  counsel at any stage of the case "if the interests of justice so require."  <u>See</u> Rule 8(c), Fed. R.

3  Governing § 2254 Cases.  As he was previously advised, petitioner has not yet stated any grounds

4  for relief and is being given an opportunity to amend the petition to correct this omission.  ECF

5  No. 3 at 2.  In the absence of cognizable claims, the court cannot determine whether appointment

6  of counsel might be appropriate.

7      Petitioner generally asserts that he lacks legal knowledge, has limited access to legal

8  materials, and his incarcerations makes it difficult for him to proceed pro se.  ECF No. 12.

9  However, these are issues common to most inmates and are insufficient to warrant the

10  appointment of counsel.  Petitioner further asserts that he has mental health conditions that

11  necessitate the appointment of counsel, yet he fails to specify what conditions he has been

12  diagnosed with and provides no records verifying his diagnoses and treatment.  ECF Nos. 11, 13.

13  Petitioner also has not explained or offered evidence of how his unspecified conditions affect his

14  ability to proceed without the assistance of counsel.  The fact that petitioner may be diagnosed

15  with or receiving treatment for a mental health condition, without more, does not warrant

16  appointment of counsel.  The motion will therefore be denied without prejudice.  Any future

17  motion for appointment of counsel based on petitioner's mental health must include evidence of

18  petitioner's diagnosis and how it prevents him from representing himself.  Petitioner is cautioned,

19  however, that a showing of mental impairment will not entitle him to appointed counsel in the

20  absence of viable claims for relief.

21      III.      Request for Court Order and Stay of Proceedings

22      Petitioner has also filed a request for the court to issue an order directing the California

23  Department of Corrections and Rehabilitation (CDCR) to complete an "inmate request for

24  assistance from the court" form.  ECF No. 13.  It appears that he seeks to offer this form as

25  evidence of his mental health diagnoses and in support of his requests for counsel.  <u>Id.</u>  The form

26  has spaces for a CDCR employee to identify the disabilities petitioner claims to suffer from and

27  what accommodations he is requesting because of those disabilities.  <u>See id.</u> at 3-4.  However, it

28  does not verify that petitioner does in fact have those conditions, nor does it establish that he is

1    unable to proceed without counsel because of them.  Id.  Moreover, even if the form was intended

2    to verify an inmate's medical and mental health conditions, the court cannot compel the CDCR or

3    its employees to certify that petitioner has a disability and requires some form of assistance or

4    accommodation.  These are determinations that must be made by the appropriate medical

5    personnel.  Moreover, as addressed above, the presence of a disability does not guarantee that

6    appointment of counsel is appropriate.

7        Petitioner also requests that the court stay the proceedings while he is waiting for the court

8    to order CDCR to complete the inmate request form and for CDCR to complete the form.  ECF

9    Nos. 11, 13.  Since the request for a court order is being denied, any request for a stay is moot.

10    Additionally, petitioner has yet to file an amended petition so there is currently nothing pending

11    before the court to stay.

12        Petitioner's request for a court order and stay of proceedings will therefore be denied.

13    IV.    There is No Attorney-Client Relationship with the Court

14        Petitioner has filed two requests, styled as letters to the undersigned, that indicate that

15    petitioner believes he and the undersigned have an attorney-client relationship.  ECF Nos. 14, 16.

16    To be clear, there is no attorney-client relationship between petitioner and the undersigned judge,

17    and everything that petitioner sends to the undersigned will be filed publicly in this case unless

18    petitioner moves to file under seal and the motion is granted.  The undersigned does not represent

19    petitioner and cannot provide him with legal advice.

20        Petitioner requests that he be provided with a phone number at which he may contact the

21    undersigned in order to "discuss matters that are personal, legal & grave & to converse w[ith the

22    undersigned] freely as any attorney could within chambers."  ECF No. 16 at 3.  Such

23    communications are inappropriate between a judge and a pro se party, and would be equally

24    inappropriate between a judge and a lawyer for a party.  Attorneys do not converse freely with

25    judges, in private, about pending cases.  Attorneys, and pro se parties, may communicate with the

26    judge only in the presence of opposing counsel or in documents that are filed and served on

27    opposing counsel.  Accordingly, petitioner may communicate with the court only through

28    ////

1  documents that are filed with the Clerk of the Court.  Requests for legal advice will not be

2  granted.

3        Petitioner also requests a "standard information packet & instruction manual" on how to

4  apply for a "protection order," and appears to be attempting to raise claims related to the violation

5  of his constitutional rights in connection with an alleged assault and deficient medical care.  ECF

6  No. 14.  Petitioner appears to be seeking information on how to request a preliminary injunction

7  or temporary restraining order.  The court does not have a standard information packet or

8  instruction manual for motions for preliminary injunction or temporary restraining order.

9  Petitioner is further advised that claims concerning the conditions of his confinement and

10  violations of his constitutional rights are properly raised in a civil rights complaint filed pursuant

11  to 42 U.S.C. § 1983, which provides a remedy for violations of civil rights by state actors.  A

12  habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration"

13  of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v.

14  Rodriguez, 411 U.S. 475, 485 (1973)); 28 U.S.C. § 2254.  Claims regarding officer conduct are

15  not properly presented in a habeas action such as this, and if petitioner seeks to pursue these

16  claims he must bring them in a separate civil rights action after he has exhausted his available

17  administrative remedies.

18        V.      Request for Forms and Information

19        Finally, petitioner requests that the court "search, find & locate all prior case filings by

20  providing [petitioner] w[ith] a printout of all past activity of civil cases, 1983's, motions,

21  pleadings, etc. w[ith] the case names entitled recorded in the California U.S. District Courts – (all

22  courts) & (all districts)."  ECF No. 15.  He also requests that the court search for and send him

23  forms, case law packets, procedures, and filing instructions for federal tort actions and the court's

24  list of counsel available for appointment.  Id.  This request will be denied.  The court does not

25  maintain the kind of informational and instructional packets petitioner seeks, and it is not

26  appropriate for the court to search for and compile the kind of information petitioner seeks.

27  Petitioner is informed that if the court determines that appointment of counsel is appropriate in a

28  habeas case, the Office of the Federal Defender is responsible for providing representation or

4

1    locating alternate counsel willing to accept appointment under the Criminal Justice Act.

2    VI.    Amended Petition

3         Petitioner will be given a final thirty days in which to file an amended petition, up to and

4    including November 28, 2016.  No further extensions will be granted.  Failure to file an amended

5    petition will result in a recommendation that this case be dismissed.

6         Accordingly, IT IS HEREBY ORDERED that:

7         1.  Petitioner's requests for appointment of counsel (ECF Nos. 11, 12) are denied without

8    prejudice to a renewal of the motion at a later stage of the proceedings.

9         2.  Petitioner's request for a court order and stay of proceedings (ECF Nos. 11, 13) is

10   denied.

11        3.  Petitioner's request for information on how to file a motion for a temporary restraining

12   order or preliminary injunction (ECF No. 14) is denied.

13        4.  Petitioner's request for forms and information (ECF No. 15) is denied.

14        5.  Petitioner's request for a phone number at which to contact the undersigned (ECF No.

15   16) is denied.

16        6.  Petitioner shall file an amended petition by November 28, 2016.  No further extensions

17   will be granted.  Failure to file an amended petition will result in a recommendation that this case

18   be dismissed.

19   DATED: October 26, 2016

20                                                    _allison clare_____

21                                                    ALLISON CLAIRE
                                                      UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28