UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY ANDERSON,<br><br>    Petitioner,<br><br>    v.<br><br>WILLIAM MUNIZ, Warden, S.V.S.P.,<br><br>    Respondent. | No. 2:16-cv-1021 MCE AC P<br><br>ORDER AND FINDINGS &<br>RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a first amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF Nos. 19, 25. Currently pending before the court is respondent's motion to dismiss the petition. ECF No. 32. Petitioner has filed an opposition to the motion to dismiss (ECF No. 38), as well as several motions for miscellaneous relief (ECF No. 37, 39, 40, 41). Respondent replied in support of the motion to dismiss (ECF No. 45) and petitioner filed a sur-reply (ECF No. 52).

I.    Factual and Procedural Background

    A.   2009 Conviction

On November 6, 2009, petitioner pled no contest to a charge of criminal threat. ECF No. 19 at 2; ECF No. 25 at 1-2. He was sentenced to sixteen months in state prison. ECF No. 19 at 2; ECF No. 25 at 1.

////

1

B. 2013 Conviction

On July 16, 2013, a jury found petitioner guilty of one count of oral copulation with a child under age 10, two counts of lewd and lascivious touching of a child under age 14, and one count of child molestation. ECF No. 19 at 8; ECF No. 32 at 6; ECF No. 31-1 at 55. Petitioner was sentenced to a total of forty-eight years to life in state prison, which included an enhancement under the Three Strikes law. ECF No. 19 at 8; ECF No. 32 at 6; ECF No. 31-1 at 55.

C. Direct Review

Petitioner appealed his 2013 conviction to the California Court of Appeal, First Appellate District, which stayed the sentence on one of the lewd act counts, but otherwise affirmed the judgment on March 2, 2016. ECF No. 32-1 at 65. The California Supreme Court denied the petition for review on May 18, 2016. ECF No. 32-1 at 71.

D. State Collateral Review

On March 1, 2016,[1] petitioner filed a pro se petition for writ of habeas corpus in the Solano County Superior Court that appeared to challenge his 2009 conviction. ECF No. 19 at 3; ECF No. 32-1 at 73-86. The petition was denied on April 26, 2016. ECF No. 32-1 at 88-89. It does not appear that petitioner filed any subsequent petitions. ECF No. 19 at 3; ECF No. 32 at 7 n.4.

E. Federal Petition

On May 10, 2016, petitioner filed a petition for writ of habeas corpus in this court. ECF No. 1. The petition was styled as a notice of appeal of his state petition and it was dismissed with leave to amend because it failed to specify any grounds for relief. ECF No. 3. Petitioner proceeded to file a first amended petition (ECF No. 19), as well as a second amended petition (ECF No. 25), that the court construed as a supplement to the first amended petition (ECF No. 26). The petition challenges the use of his 2009 conviction as a strike for purposes of imposing a

---

[1] The filing date of documents submitted when petitioner was proceeding pro se will be determined based on the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988) (documents are considered filed at the time prisoner delivers them to prison authorities for mailing).

2

three-strikes enhancement as part of his current offense on the following grounds: (1) his plea of no contest to the charge of making a criminal threat was invalid; (2) use of his 2009 prior to enhance his sentence in the 2013 case violated double jeopardy; (3) the evidence supporting his 2009 conviction is insufficient; and (4) petitioner's 2009 conviction qualifies as a non-violent felony under California's Proposition 57, entitling petitioner to modification of his 2013 sentence, which was enhanced due to his 2009 conviction. ECF No. 19 at 5-23; ECF No. 25 at 6-9.

II. Motion to Dismiss

Respondent moves to dismiss the petition on the grounds that (1) the petition is wholly unexhausted; (2) Claims One and Three are untimely; (3) petitioner does not meet the "in custody" requirement for Claims One and Three; and (4) Claims Two and Four are not cognizable on federal habeas. ECF No. 32. In reply to petitioner's opposition, respondent argues that petitioner failed to adequately rebut any of these grounds for dismissal. ECF No. 45.

In response to the motion to dismiss petitioner has filed not only an opposition, but also a number of motions for various types of relief and a sur-reply. ECF Nos. 37-41, 52. In his opposition, petitioner argues that the motion to dismiss should be denied for a variety of reasons. He argues that he is entitled to an exception to the exhaustion requirement due to the ineffectiveness of counsel and lack of adequate state process; that he is entitled to a later start date for the limitations period; that his custody in the 2013 case satisfies the "in custody" requirement; that Claim Four is based on a new rule of constitutional law made retroactive by the Supreme Court; that filing his petition in this court exhausted is claims; and that he is actually innocent. ECF Nos. 38. His motions for stay and sur-reply further argue that he qualifies for a stay and abeyance under <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), and that he is entitled to equitable tolling. ECF Nos. 37, 41, 52.

A. Discussion

i. Claims One and Three

Claims One and Three attack petitioner's 2013 enhanced sentence on grounds related to the substantive validity of the 2009 conviction that provided the basis for the enhancement. Respondent contends that the "in custody" requirement, which much be satisfied to establish

3

federal habeas jurisdiction, is not met as to these claims. ECF No. 32 a 12. The court concludes that even if there is jurisdiction, the claims are barred under <u>Lackawanna County Dist. Attorney v. Coss</u>, 532 U.S. 394, 401 (2001).

Under 28 U.S.C. § 2254(a), a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or the laws or treaties of the United States." The Supreme Court has interpreted § 2254 as requiring that the habeas petitioner be "'in custody' under the conviction or sentence under attack at the time his petition is filed." <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91 (1989) (per curiam) (citation omitted). The custody requirement of § 2254 is jurisdictional. <u>Williamson v. Gregoire</u>, 151 F.3d 1180, 1182 (9th Cir. 1998) (citation omitted). A habeas petitioner is not considered in custody on a prior conviction just because it was used to enhance a subsequent conviction for which he is currently in custody. <u>Lackawanna</u>, 532 U.S. at 401 (citing <u>Maleng</u>, 490 U.S. at 492). However, a petitioner challenging a fully expired prior conviction that was used to enhance a current conviction will meet the "in custody" requirement where the claim is liberally construed as a challenge to the current conviction "as enhanced by the allegedly invalid prior conviction." <u>Maleng</u>, 490 U.S. at 493-494; <u>Lackawanna</u>, 532 U.S. at 401-02.

Petitioner's Claims One and Three can be fairly construed as challenges to his current sentence, for which he was in custody at the time of filing. However, the Supreme Court has held that even where the custody requirement is thus satisfied, the alleged substantive invalidity of a prior conviction does not provide grounds for relief. <u>Lackawanna</u>, 532 U.S. at 402. "[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." <u>Id.</u> at 403. Accordingly, a petitioner may not challenge his present custody on grounds that the prior conviction was not valid. <u>Id.</u>

The only fully-recognized exception to Lackawanna applies when "the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in

4

violation of the Sixth Amendment, as set forth in Gideon v. Wainwright, 372 U.S. 335 (1963)." Lackawanna, 532 U.S. at 404. The record establishes that petitioner was represented by counsel in relation to his 2009 plea. See ECF No. 19 at 13-16. Accordingly, this exception does not apply.

The Court of Appeals for the Ninth Circuit has recognized one other exception, based on the reasoning of the Lackawanna Court:

> when a defendant cannot be faulted for failing to obtain timely review of a constitutional challenge to an expired prior conviction, and that conviction is used to enhance his sentence for a later offense, he may challenge the enhanced sentence under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

Durbin v. People of California, 720 F.3d 1095, 1099 (9th Cir. 2013). In Durbin, the Ninth Circuit found that the petitioner could not be faulted for his failure to obtain timely review of his claims because the state court refused, without justification, to review his claims based on the incorrect determination that he was not in custody. Id. at 1099-1100. In this case, there is no evidence that petitioner was prevented from presenting his claims to the state court. Although petitioner argues that he believed he could not appeal the 2009 conviction because it was the result of a plea (ECF No. 38 at 4, 11), California Penal Code § 1237.5 permits an appeal from a plea of no contest where a defendant files a sworn statement "showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings" and the trial court issues a certificate of probable cause for appeal. There is no evidence that petitioner was prevented from filing an appeal or that he attempted to submit an appeal that was then denied without justification.

Petitioner also appears to allege that he could not have brought his claim that his 2009 plea was involuntary until he was convicted in 2013, because that was when he learned that the 2009 conviction would constitute a strike. ECF No. 38 at 4-5. However, "[t]he possibility that the defendant will be convicted of another offense in the future and will receive an enhanced sentence based on an instant conviction is not a direct consequence of a guilty plea" and therefore does not render a guilty plea involuntary. United States v. Brownlie, 915 F.2d 527, 527 (9th Cir. 1990).

5

For all these reasons, petitioner's 2009 conviction must be considered conclusively valid. See Lackawanna, 532 U.S. at 403. Claims One and Three, premised on the invalidity of the prior conviction, are accordingly barred.

ii. Claims Two and Four

Respondent moves to dismiss Claim Two, which alleges that the enhancement violated double jeopardy, and Claim Four, which asserts that California's Proposition 57 requires his sentence to be modified, on the ground that they involve violations of state law and are therefore not cognizable on federal habeas. ECF No. 32 at 14-15. The court agrees that Claims Two and Four do not present cognizable grounds for federal habeas relief.

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (habeas relief "is unavailable for alleged error in the interpretation or application of state law"). This includes the interpretation or application of state sentencing laws. Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (declining to address "[w]hether assault with a deadly weapon qualifies as a 'serious felony' under California's sentence enhancement provisions [because it] is a question of state sentencing law").

To the extent Claim Two attempts to assert that petitioner's enhanced sentence violates state law because the court did not properly interpret and apply its provisions, it is not cognizable on federal habeas. His claim that the enhancement constitutes double jeopardy because it is a second punishment for his previous conviction also fails to state a claim.

> It is true that the "Double Jeopardy Clause protects against . . . the actual imposition of two punishments for the same offense." Witte v. United States, 515 U.S. 389, 115 S. Ct. 2199, 2204, 132 L. Ed.2d 351 (1995). But although the three-strikes statute might seem to violate this principle, the Supreme Court has long since determined that recidivist statutes do not violate double jeopardy because "the enhanced punishment imposed for the later offense 'is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes,' but instead as 'a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.'" Id. 115 S. Ct. at 2206 (quoting Gryger v. Burke, 334 U.S. 728, 732, 68 S. Ct. 1256, 92 L. Ed. 1683 (1948)); see also Spencer v. Texas, 385 U.S. 554, 559-60, 87 S. Ct. 648, 17 L. Ed.2d 606 (1967); Moore v. Missouri, 159 U.S. 673, 16 S. Ct. 179, 40 L. Ed. 301 (1895).

United States v. Kaluna, 192 F.3d 1188, 1198-99 (9th Cir. 1999) (alteration in original). Claim Two of the petition therefore fails to state a claim for relief and must be dismissed.

With respect to Claim Four, petitioner argues that his 2009 conviction qualifies as a non-violent felony under California's Proposition 57, entitling petitioner to a modification of his 2013 sentence. ECF No. 25 at 6-9. In response to respondent's argument that this claim is purely an issue of state law, petitioner contends the claim relies on a new rule of constitutional law that retroactively applies to cases on collateral review. ECF No. 38 at 10, 15. Petitioner is mistaken both as to the scope of Proposition 57 and to its status as a new rule of constitutional law. Proposition 57 created an amendment to the California Constitution that created an additional avenue for parole consideration and altered the process for charging minors in criminal court. 2016 Cal. Legis. Serv. Prop. 57 (West); Cal. Const. art. I, § 32; Cal. Welf. & Inst. Code §§ 604, 707. Proper application and interpretation of Proposition 57 are therefore state law issues that are not cognizable in federal habeas, and Claim Four must be dismissed for that reason.

### iii. Timeliness

Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. The one-year clock commences from one of several alternative triggering dates. 28 U.S.C. § 2244(d)(1). In most cases, the applicable date is that "on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Respondent argues that Claims One and Three are untimely because they are direct challenges to petitioner's 2009 conviction, and the statute of limitation expired on November 12, 2010. ECF No. 32. The undersigned has construed these claims as challenges to petitioner's enhanced 2013 sentence. Accordingly, the limitations period runs from the date petitioner's 2013 judgment became final. The California Supreme Court denied the petition for direct review on May 18, 2016 (ECF No. 32-1 at 71), and the first amended petition in this case was filed on November 7, 2016 (ECF No. 19 at 25). The petition was therefore timely.

### iv. Exhaustion

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas

petitioners are required to exhaust state remedies before seeking relief in federal court. 28 U.S.C. § 2254(b). The exhaustion doctrine ensures that state courts will have a meaningful opportunity to consider allegations of constitutional violations without interference from the federal judiciary. Rose v. Lundy, 455 U.S. 509, 515 (1982). A petitioner satisfies the exhaustion requirement by fairly presenting all federal claims to the highest state court before presenting them to the federal court. Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations omitted). This means that "a plaintiff cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate." Preiser v. Rodriguez, 411 U.S. 475, 477 (1973). This total exhaustion requirement has two exceptions: (1) when "there is an absence of available State corrective process; or [(2)] circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii).

It is clear that petitioner has not exhausted his state court remedies. He has filed only one petition with the California Supreme Court, and it does not raise any claims that his 2009 conviction was invalid or was used to improperly enhance the sentence for his 2013 conviction. ECF No. 32-1 at 2-53. Although petitioner contends that exhaustion should be excused for a number of reasons, none of them has any merit.

Petitioner argues that Claims One and Three did not need to be appealed to the California Supreme Court, because they were properly exhausted by filing in this court. ECF No. 38 at 8. However, district court review cannot exhaust claims that have not passed through the state's appellate system. Petitioner must exhaust "the remedies available to him in the state courts" before he is "entitled to relief in a federal court or by a federal judge." Ex parte Hawk, 321 U.S. 114, 116 (1944). Petitioner also makes conclusory assertions that state remedies were not available or were ineffective, but does not explain what circumstances exist that could qualify him for either exception to exhaustion. ECF No. 38 at 2, 4, 8. To the extent petitioner attempts to argue that his belief that he could not appeal his conviction because of his plea agreement rendered state remedies unavailable and inadequate (id. at 4-5, 11), he fails to show that remedies were actually unavailable or inadequate. Furthermore, as addressed above, California has a procedure for challenging convictions that result from plea agreements.

1    Petitioner also argues that exhaustion Claims Two and Four should be excused due to the

2    ineffective performance of his counsel on appeal. ECF No. 38 at 9. Petitioner alleges that his

3    "appellate counsel who was unwanted . . . represented [him] only through a tenuous &

4    unacceptable legal fiction." Id. However, petitioner fails to explain how counsel's failure to raise

5    the claims on direct appeal prevented him from raising them himself on collateral review.

6    Petitioner further asserts that his failure to exhaust should be excused under the procedural

7    default doctrine. Id. at 2-3, 7-8. Petitioner may be attempting to argue that his claims are

8    procedurally defaulted and therefore technically exhausted because remedies are no longer

9    available. However, there is no evidence of procedural default and petitioner has not shown that

10   the claims would now be procedurally barred in state court.

11   Finally, petitioner asserts that in the alternative, he should be granted a stay to exhaust his

12   claims. A district court may stay a fully unexhausted petition if the petitioner had (1) good cause

13   for his failure to exhaust, (2) his unexhausted claims are potentially meritorious, and (3) there is

14   no indication that the petitioner engaged in intentionally dilatory litigation tactics. Rhines v.

15   Weber, 544 U.S. 269, 278 (2005) (establishing standard for stay and abeyance); Mena v. Long,

16   813 F.3d 907, 910 (9th Cir. 2016) (holding Rhines applies to wholly unexhausted petitions). The

17   court has determined that none of petitioner's claims present cognizable bases for federal habeas

18   relief. Accordingly, the unexhausted claims lack potential merit and a stay is therefore

19   unwarranted.

20   B. Conclusion

21   For the reasons explained above, respondent's motion to dismiss should be granted on

22   grounds that petitioner has failed to present any cognizable claim and that all claims are

23   unexhausted. Because petitioner's claims are not meritorious, his motion for stay should be

24   denied.

25   III. Motions to Compel, Appoint Counsel, and Sever

26   Petitioner has filed motions to compel discovery, appoint counsel, and to sever Claim

27   Four. ECF Nos. 37, 39, 40, 41. In light of the recommendation that the petition be dismissed for

28   failure to state a claim and failure to exhaust, these motions will be denied.

IV. Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case. Therefore, no certificate of appealability should issue.

V. Plain Language Summary

It is being recommended that the motion to dismiss be granted. Even though you meet the "in custody" requirement and your petition is timely, none of your claims have been presented to the California Supreme Court and none of them state claims for federal habeas relief.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motions to compel discovery (ECF No. 39), to appoint counsel (ECF No. 40), and to sever Claim Four (ECF No. 41) are denied as moot.

2. Petitioner's second motion for a stay and abeyance (ECF No. 41) is denied as duplicative.

IT IS FURTHER RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 32) be granted on the grounds that the petition fails to state any cognizable claims and is wholly unexhausted;

2. Petitioner's motion for a stay and abeyance (ECF No. 37) be denied;

3. Petitioner's petition for writ of habeas corpus be dismissed;

4. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 28, 2018

                              /s/ Allison Claire
                              ALLISON CLAIRE
                              UNITED STATES MAGISTRATE JUDGE